# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**Paula Jean Surles**                                                               **Plaintiff**
**on behalf of RES, a minor child**

**v.**                     **No. 3:14CV00244 BSM-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                   **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for Chief United States District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

of the record evidence.

## Reasoning for Recommended Disposition

Paula Jean Surles seeks judicial review of the denial of her second application[3] for supplemental security income (SSI) for her daughter, RES.[4] Surles alleges RES is disabled because of attention deficit hyperactivity disorder (ADHD), fetal alcohol syndrome, reactive attachment disorder, intermittent explosive disorder, sexual molestation, and social disorders.[5] To receive SSI, Surles must prove RES was disabled as of, or after, applying for SSI;[6] that is, she must prove RES was disabled as of, or after, August 26, 2011.

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments — ADHD, anxiety disorder, post traumatic stress disorder, intermittent explosive disorder, bipolar disorder, and reactive adjustment

---

[3]SSA record at p. 116 (applying on Aug. 26, 2011 and alleging disability beginning June 1, 2010).

[4]RES is Surles's biological granddaughter and adopted daughter. RES was removed from her mother's home at a young age. Surles and her husband have had legal custody of RES, and her brothers, since RES was eight years old. *Id*. at p. 112 (custody order).

[5]*Id*. at p. 124.

[6]20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989) (claimant must prove she was disabled as of or subsequent to the protective filing date of application).

disorder.[7] The ALJ determined RES has a marked limitation in the domain of interacting and relating to others, and a less than marked limitation in the domain of "caring for yourself."[8] Because RES lacks an "extreme" limitation in one domain, or a "marked" limitation in at least two domains, the ALJ concluded that RES is not disabled and denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the ALJ's decision became a final decision for judicial review.[11] Surles filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]

---

[7]SSA record at p. 15.

[8]*Id*. at pp. 21 & 23.

[9]*Id*. at p. 24.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry #s 1 & 13.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (explaining that the court will uphold the decision if it lacks legal error and is supported by substantial evidence).

This recommendation explains why the court should reverse the decision.

**Surles's allegations**. Surles contends substantial evidence does not support the decision because the ALJ considered the wrong age category. The ALJ characterized RES as a school-age child, but RES was an adolescent for most of the time period for which benefits were denied. Surles argues that RES has encopresis,[14] which causes her to uncontrollably soil herself, on a regular basis, and constitutes a marked limitation in the domain of "caring for yourself." She contends the ALJ failed to evaluate treating provider medical opinions and other evidence which established the long duration and serious extent of RES's encopresis.

**Applicable legal principles**. A child is disabled if she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations … which has lasted or can be expected to last for a continuous … 12 months."[15] The Commissioner uses a three-step process to determine whether a child is disabled.[16] This case implicates step three.

---

[14]"Encopresis is an elimination disorder that involves repeatedly having bowel movements in inappropriate places after the age when bowel control is normally expected." Tish Davidson & Emily Jane Willingham, Encopresis, 1 The Gale Encyclopedia of Mental Health 568 (3d ed.).

[15]42 U.S.C. § 1382c(a)(3)(C)(I).

[16]20 C.F.R. § 416.924(a).

**Whether the child meets a listed impairment**. At step three, the ALJ must determine whether the child's impairments meet, medically equal, or functionally equal the severity requirements of an impairment listed in the Commissioner's regulations.[17] Functionally meeting a listing requires an "extreme" limitation in one domain or a "marked" limitation in at least two domains.[18] The ALJ determined that RES has a marked limitation in the domain of "interacting and relating to others," but, in the domain of "caring for yourself," the ALJ found RES has a less than a marked limitation.[19]

**The domain of "caring for yourself."** In this domain, an ALJ must determine how well a child maintains a healthy emotional and physical state, including how well he or she gets their physical and emotional wants and needs met in appropriate ways; how he or she copes with stress and changes in their environment; and whether he or she takes care of their own health, possessions, and living area.[20] Among other things, "caring for yourself" effectively includes using independence and competence to meet

---

[17] 20 C.F.R. § 416.924(d). *See also* 20 C.F.R. § 404, subpt. P, app. 1.

[18] 20 C.F.R. § 416.926a(a).

[19] A "marked" limitation "interferes seriously with [RES's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2) (defining marked limitation).

[20] 20 C.F.R. § 416.926a(k).

5

physical needs, such as feeding, dressing, *toileting*, and bathing appropriately for the child's age.[21] Surles contends that RES's serious and long-term problems with encopresis have "seriously interfere[d] with her ability to independently initiate, sustain, or complete activities," and thereby constitute a "marked limitation" in the domain of "caring for yourself."

**Age group descriptors**. The regulations provide examples of effective functioning using age group descriptors, to guide the ALJ in determining whether a child effectively cares for herself. Relevant here, the regulations provide examples for (1) school-age children, age 6 to attainment of age 12, and (2) adolescents, age 12 to attainment of age 18. RES was 11 years old when Surles applied for SSI, and 13 years old when the ALJ decided the case. According to the age group descriptors, RES was *an adolescent* for most of the time for which benefits were denied. In his decision, however, the ALJ characterized RES as *a school-age child*. Given the strong evidence of the long-term limiting effects of RES's encopresis, which she was still dealing with as an adolescent, the ALJ's characterization of RES as a "school-age child" is reversible error.

In light of RES's age, substantial evidence does not support the ALJ's decision that her encopresis was a "less than marked" limitation in the domain of "caring for

---

[21] 20 C.F.R. § 416.926a(k)(1)(ii).

yourself." RES's treating psychiatrist included encopresis among her diagnoses of reactive attachment disorder and ADHD.[22]

According to the ALJ, RES "may occasionally defecate on herself at home and school,"[23] but this characterization *significantly understates* the evidence in the record that RES frequently defecates on herself, at times having "daily encopresis." *See* SSA record at p. 395; *see also* p. 307 ("reports that client does not care when she soils her pants and this concerns grandmother."); p. 368 ("Encopresis continues and has gotten worse."); p. 470 ("basically here for encopresis."); p. 497 ("she is pooping her pants most days of the week at school"); p. 546 ("Grandmother reports client is having more encopresis and does not seem to care."); p. 549 ("Parent reports client is increasing defecation and will not clean herself or draw attention to the issue when it occurs."); p. 576 (therapist recommended that grandmother "buy pull ups or diapers"); p. 577 ("soiled underclothes a problem 7/7 days a week."); p. 593 ("encopresis has increased greatly, has begun making a mess with the feces (all over bathroom), having accidents often."); p. 647 (client "pooped in her pants" twice in one day "out of defiance"; p. 651 (poops in her pants several times a day, usually worse when angry");

---

[22]SSA record at p. 499 (listing encopresis as tertiary diagnosis). The psychiatrist later changed the primary diagnosis to bipolar disorder and the secondary diagnosis to reactive attachment disorder. *Id*. at p. 666.

[23]SSA record at p. 19.

p. 666 ("She is in pullups again . . . She has been stooling in her pants through out the day and hides her underwear."); p. 710 (still "pooping" her pants daily, "worse this week being out for spring break."; p. 720 ("client continues to 'poop her britches' 4/7 days a week").

The preceding evidence directly supports the opinion of RES's treating therapist and psychiatrist, contained in a letter dated March 28, 2013.[24] In this letter, they state that, due to her various psychiatric and psychological problems, "[RES] is unable to independently complete many basic activities of daily living such as bathing, toileting, or taking her medications."

Finally, in concluding that RES had a "less than marked" limitation in the domain of "caring for yourself," the ALJ relied in part on the opinion of an agency reviewing physician, who only reviewed medical records, but appears *not* to have had the benefit of all of the medical records in this case that documented the extent of RES's encopresis when the reviewing opinion was rendered.[25]

### Conclusion and Recommended Disposition

Because substantial evidence does not support the ALJ's listing analysis, his decision must be reversed. On remand, the ALJ should apply the correct age standard

---

[24]SSA Record at p. 706.

[25]SSA Record at p. 19, pp. 355-60, 39-94.

to his listing analysis, and enure that he obtains and considers all of the medical and other evidence relevant to evaluating whether RES has a marked limitation in the domain of "caring for yourself."

Accordingly, the Court recommends that the Commissioner's decision be reversed and that this matter be remanded to the Commissioner for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 21st day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE